UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

NICHOLAS A. JOHNSON
on behalf of himself and all
others similarly situated,                    Case No. 18-cv-462

        Plaintiff,                         **COLLECTIVE AND CLASS
                                              ACTION COMPLAINT**
    v.                                      **PURSUANT TO 29 U.S.C. §216(b)
                                              AND FED. R. CIV. P. 23**

NATIONAL TECHNOLOGIES, INC.,
a Domestic Corporation                        **JURY TRIAL DEMANDED**

        Defendant

## COMPLAINT

## PRELIMINARY STATEMENT

1.     This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Nicholas A. Johnson, on behalf of himself and all other similarly situated current and former non-exempt Manufacturing employees of Defendant, National Technologies, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendant, National Technologies, Inc., is an Oak Creek, Wisconsin corporation that manufactures and produces machine components.

3.     Defendant operated (and continues to operate) an unlawful compensation system that deprives current and former non-exempt Manufacturing employees of their wages earned for all compensable work performed each workweek, including the requisite overtime pay premium for each hour worked over forty (40) hours in a workweek. Specifically, Defendant's unlawful policies failed to compensate current and former non-exempt Manufacturing employees for all hours worked and work performed each workweek, including at an overtime rate of pay, by shaving time from current and former Manufacturing employees' timesheets by:

a)  Impermissibly rounding recorded hours of work for its own benefit (and to the detriment of said employees) each work day and compensating said employees based on their scheduled shift start and end times rather than when compensable work commences and ceases, respectively; and

b)  Impermissibly failing to compensate said employees for donning and doffing Defendant-issued uniforms and protective gear prior at the beginning and end of each work day, respectively.

4.     Defendant's deliberate failure to properly compensate its employees for these hours worked violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8.      Defendant is an Oak Creek, Wisconsin corporation with a principal place of business of 7641 South 10th Street, Oak Creek, Wisconsin 53154.

9.      Defendant's registered agent for service of process in the State of Wisconsin is Thomas R. Harrigan, located at 7641 South 10th Street, Oak Creek, Wisconsin 53154.

10.     Upon information and belief, Defendant operates only one physical location in the State of Wisconsin, which is located at 7641 South 10th Street, Oak Creek, Wisconsin 53154 (hereinafter simply, Defendant's "Wisconsin location").

11.     For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12.     For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff is "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

13.     Plaintiff, Nicholas A. Johnson, is an adult male resident of the State of Wisconsin residing at 8651 South Ventura Drive, Apartment 3720, Oak Creek, Wisconsin 53154.

14.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

15.     Plaintiff worked as a non-exempt, hourly Manufacturing employee in the positions of Parts Making and Lead at Defendant's Wisconsin location within the last three (3) years from the date of filing of his Complaint (ECF No. 1).

16.     Plaintiff brings this action on behalf of himself and all other similarly-situated current and former Manufacturing employees who work at, worked at, and/or were employed by Defendant at its Wisconsin location within the last three (3) years from the date of filing of the Complaint. Plaintiff performed similar job duties as other current and former non-exempt Manufacturing employees who work at, worked at, and/or were employed by Defendant and who were subjected to Defendant's same unlawful policies as enumerated herein.

17.     Plaintiff and all other current and former non-exempt Manufacturing employees on whose behalf he brings this Complaint performed compensable work at Defendant's Wisconsin location owned and operated by Defendant.

18.     Defendant supervised Plaintiff's and all other non-exempt Manufacturing employees' day-to-day activities.

19.     Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other non-exempt Manufacturing employees.

4

20.    Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other non-exempt Manufacturing employees.

21.    Defendant established the work rules, policies, and procedures by which Plaintiff and all other non-exempt Manufacturing employees abided in the workplace.

22.    Defendant controlled the terms and conditions of Plaintiff's and all other non-exempt Manufacturing employees' employment.

23.    Defendant established Plaintiff's and all other non-exempt Manufacturing employees' work schedules and provided Plaintiff and all other non-exempt Manufacturing employees with work assignments and hours of work.

24.    Plaintiff's hours of work and the hours of work of all other non-exempt Manufacturing employees were tracked and recorded by Defendant.

## GENERAL ALLEGATIONS

25.    From approximately July 13, 2010 until February 28, 2018, Plaintiff was employed in the positions of Parts Maker and Lead at Defendant's Wisconsin location as a non-exempt, hourly-paid Manufacturing employee.

26.    Defendant produces and manufactures computer numerical control ("CNC") machine components, in addition to providing other machining, turning, milling, screwing, inspection, testing, and quality assurance services.

27.    As part of Defendant's production and manufacturing process at its Wisconsin location, Plaintiff and all other non-exempt Manufacturing employees of Defendant were employed and performed work at Defendant's Wisconsin location in various departments, including but not limited to: Secondary, Shipping, Multi-Spindles, Brown and Sharpe, CNC Lathes, CNC Vertical Mills, Acme, and Quality Assurance.

5

28.     As part of Defendant's production and manufacturing process at its Wisconsin location, Plaintiff and all other non-exempt Manufacturing employees of Defendant were employed and performed work at Defendant's Wisconsin location in various Manufacturing positions.

29.     On a daily basis, Plaintiff worked alongside other non-exempt Manufacturing employees of Defendant employed in the positions listed above at Defendant's Wisconsin location as part of its production and manufacturing process.

30.     Defendant's "Employee Manual" as provided to its Manufacturing employees at Defendant's Wisconsin location contains the terms and conditions of employment for all of its Manufacturing employees.

31.     Defendant's "Employee Manual" as provided to its Manufacturing employees at Defendant's Wisconsin location contains the company-wide, uniform policies applicable to all of its Manufacturing employees.

32.     Defendant's "Employee Manual" states: "Overtime hours actually worked beyond the basic 40-hour week, at the request of the company, will be paid at time and one-half (1-1/2 your normal hourly pay rate)."

33.     Defendant's "Employee Manual" states: "Employees leaving the premises or entering the fitness room at lunch must punch out."

34.     Defendant's "Employee Manual" states: "Work performed prior to beginning of shift is not authorized or payable unless approved via a signature by your Supervisor."

35.     Defendant's "Employee Manual" states: "Employees who do not punch in at the start of their shift will be assumed tardy and docked 15 minutes."

6

36. Defendant's "Employee Manual" states: "Punch out whenever leaving premises or entering the fitness room, including lunch breaks," "Do not punch out for break times, unless leaving premises or entering fitness room," and, "Do not punch out prior to quitting time."

37. Defendant's "Employee Manual" states: "Clocked hours are broken into 1/4-hour increments."

38. Defendant's "Employee Manual" states: "Everyone must wear clear safety glasses with side guards in the shop area. All shop employees are required to wear steel toed safety shoes and hearing protection."

39. Defendant's "Employee Manual" states: "Uniform service is <u>required</u> by the end of 30 calendar days, at the employee's expense through payroll deductions." (emphasis in original.)

## DEFENDANT'S UNLAWFUL ROUNDING / TIME SHAVING

40. Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location had unique Employee Numbers for timekeeping and/or recordkeeping purposes.

41. The unique Employee Numbers for timekeeping and/or recordkeeping purposes of Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location were contained on each Manufacturing employee's individual, company-issued key card.

42. Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location recorded time worked each workday via an electronic timekeeping program by using their individual company-issued key cards and a hand scanner.

7

43. Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location recorded time worked each workday by "clocking in" at the beginning of their shift and "clocking out" at the end of their shift via Defendant's electronic timekeeping program by using their company-issued key cards and a hand scanner.

44. Defendant required Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location to record time worked each workday by "clocking in" at the beginning of their shift and "clocking out" at the end of their shift via its electronic timekeeping program.

45. Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location used their unique Employee Numbers each workday to "clock in" at the beginning of their shift and "clock out" at the end of their shift via Defendant's electronic timekeeping program, which is stored and retained electronically by Defendant.

46. Plaintiff was subject to the same timekeeping policies and practices as all other non-exempt Manufacturing employees working at Defendant's Wisconsin location.

47. Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location used Defendant's electronic timekeeping program to track and record time worked each workday.

48. Plaintiff's and all other non-exempt Manufacturing employees' "clock in" and "clock out" times via Defendant's electronic timekeeping program at its Wisconsin location reflected actual hours worked and/or compensable work performed each work day.

49. However, Plaintiff's and all other non-exempt Manufacturing employees' "clock in" and "clock out" times via Defendant's electronic timekeeping program at its Wisconsin location did not reflect all actual hours worked and/or compensable work performed each work day.

50. Defendant's Wisconsin location had two primary points of egress and ingress: a North entrance/exit and a South entrance/exit.

51. Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location primarily entered and exited the building via either the North entrance/exit and/or a South entrance/exit.

52. Defendant's Wisconsin location had two timeclocks for timekeeping and/or recordkeeping purposes for its non-exempt Manufacturing employees, including Plaintiff: one by the North entrance/exit and one by the Men's locker room inside the building.

53. After using their unique Employee Numbers to "clock in" at the beginning of their shift each workday, Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location performed compensable work.

54. Before using their unique Employee Numbers to "clock out" at the end of their shift each workday, Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location performed compensable work.

55. Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

56. Defendant compensated Plaintiff and all other non-exempt Manufacturing employees on a weekly basis.

9

57.     Generally, Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location had customary weekly shift schedules: First Shift and Second Shift. First Shift is 5:00 a.m. to 4:30 p.m. and Second Shift is 4:00 p.m. to 3:30 a.m.

58.     Defendant deducted thirty (30) minutes for a meal break from Plaintiff's and all other non-exempt Manufacturing employees' timesheets who work First Shift at its Wisconsin location.

59.     Defendant did not deduct thirty (30) minutes for a meal break from Plaintiff's and all other non-exempt Manufacturing employees' timesheets who work Second Shift at its Wisconsin location.

60.     Plaintiff and all other non-exempt Manufacturing employees' customary weekly Shift schedules reflected the start times and end times of their Shift, including the length or duration (in hours and minutes) of the Shift. For example, all non-exempt Manufacturing employees, including Plaintiff, who worked on First Shift were customarily scheduled to work nine (9) hours per day (with a thirty (30) minute unpaid meal break). All non-exempt Manufacturing employees, including Plaintiff, who worked on Second Shift were customarily scheduled to work eleven hours and thirty minutes (11.5) per day.

61.     Generally, Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location worked five (5) days per workweek on either First Shift or Second Shift.

62. Defendant's policy in practice was to compensate Plaintiff and all other non-exempt Manufacturing employees at its Wisconsin location based on their customary daily and weekly Shift schedules, as opposed to time actually worked and/or compensable work performed each workweek as reflected via said employees' "clock in" and "clock out" times via Defendant's electronic timekeeping program. For example, Plaintiff's "clock in" and "clock out" times during the week of February 18, 2018 were as follows:

| Date | In | Out | Total |
|------|------|---------|-------|
| Monday 02/19 | 3:37PM | 3:30AM | 11.50 |
| Tuesday 02/20 | 3:37PM | 3:30AM | 11.50 |
| Wednesday 02/21 | 3:41PM | 3:30AM | 11.50 |
| Thursday 02/22 | 3:33PM | 3:30AM | 11.50 |
| Friday 02/23 | 3:39PM | 11:20PM | 7.00 |

63. Plaintiff's "clock in" and "clock out" times via Defendant's electronic timekeeping program for the workweek of February 18, 2018 totaled fifty-four (54) hours and fifty-three (53) minutes.

64. Plaintiff's time actually worked and/or compensable work performed during the workweek of February 18, 2018 was fifty-four (54) hours and fifty-three (53) minutes.

65. Plaintiff's time actually worked and/or compensable work performed during the workweek of February 18, 2018 was fifty-four (54) hours and fifty-three (53) minutes, yet Defendant compensated Plaintiff for only fifty-three (53) hours of work performed.

66. When Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location "clocked in" via Defendant's electronic timekeeping program on any given work day, it rounded the employee's "clock in" time forward.

67.     When Plaintiff and all other non-exempt Manufacturing employees "clocked in" via Defendant's electronic timekeeping program on any given work day and the timekeeping program rounded the employee's "clock in" time forward, it was for the benefit of Defendant and to the detriment of Plaintiff and all other non-exempt Manufacturing employees.

68.     Generally, the rounded "clock in" times of Plaintiff and all other non-exempt Manufacturing employees as tracked and recorded via Defendant's electronic timekeeping program corresponded to said employees' customary daily Shift schedule, as opposed to time actually worked.

69.     When Defendant's electronic timekeeping program rounded Plaintiff's and all other non-exempt Manufacturing employees' "clock in" times forward on any given work day, it improperly and unlawfully deprived Plaintiff and all other non-exempt Manufacturing employees of compensation for actual work performed.

70.     On a weekly basis, Defendant's policy in practice was to compensate Plaintiff and all other non-exempt Manufacturing employees based on the rounded "clock in" and "clock out" times as recorded via its electronic timekeeping program, as opposed to time actually worked and/or compensable work performed each workweek.

71.     Despite having a detailed record of time actually worked and/or work actually performed by Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location, Defendant did not properly and lawfully compensate said employees for all hours actually worked and/or work performed.

72.     Defendant's policy in practice also required Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location to wear Defendant-issued uniforms and protective gear (such as safety glasses, steel-toed shoes, and hearing protection) each work day while performing compensable work.

73.     Defendant's policy in practice required Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location to: (1) change into Defendant-issued uniforms and protective gear prior to performing their Manufacturing duties each work day; and (2) change out of Defendant-issued uniforms and protective gear after ending their Manufacturing duties each work day.

74.     Generally, at the beginning of each work day, Plaintiff and all other non-exempt Manufacturing employees: arrived to work at Defendant; then, "clocked in" via Defendant's electronic timekeeping program; then, changed into their Defendant-issued uniforms and protective gear in Defendant's locker room; and then, performed their Manufacturing duties at Defendant's Wisconsin location.

75.     Generally, at the end of each work day, Plaintiff and all other non-exempt Manufacturing employees: finished performing their Manufacturing duties; then, "clocked in" via Defendant's electronic timekeeping program; then, changed out of their Defendant-issued uniforms and protective gear in Defendant's locker room; and then, left Defendant's Wisconsin location.

76.     Generally, it took Plaintiff and all other non-exempt Manufacturing employees approximately five (5) to ten (10) minutes to change into Defendant-issued uniforms and protective gear at the beginning of each work day.

13

77.     Generally, it took Plaintiff and all other non-exempt Manufacturing employees approximately five (5) to ten (10) minutes to change out of Defendant-issued uniforms and protective gear at the end of each work day.

78.     The act of Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location changing into and out of Defendant-issued uniforms and protective gear prior at the beginning and end of each work day, respectively, was an integral and indispensable part of performing their Manufacturing duties.

79.     The act of Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location changing into and out of Defendant-issued uniforms and protective gear prior at the beginning and end of each work day, respectively, were principal activities for FLSA and WWPCL purposes.

80.     Defendant did not properly and lawfully compensate Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location for all hours actually worked each workweek.

81.     Defendant was or should have been aware that it is shaving time from current and former Manufacturing employees' timesheets by impermissibly: (1) rounding recorded hours of work for its own benefit (and to the detriment of said employees) each work day, thus compensating said employees based upon their scheduled shift start and end times each work day rather than when compensable work commences and ceases, respectively; and (2) failing to compensate said employees for donning and doffing Defendant-issued uniforms and protective gear prior at the beginning and end of each work day, respectively.

82.     Defendant's unlawful pay practices described above resulted in excessive and unlawful time shaving: Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location were not compensated for all compensable work performed during every workweek.

83.     Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location for all hours actually worked.

84.     Defendant was or should have been aware of its failure to compensate Plaintiff and all other Manufacturing employees at Defendant's Wisconsin location for all hours worked each workweek, including at an overtime rate of pay.

85.     Plaintiff and all other non-exempt Manufacturing employees at Defendant's Wisconsin location frequently worked in excess of forty (40) hours per workweek.

86.     Defendant's policies in practice failed to compensate and deprived Plaintiff and all other Manufacturing employees at Defendant's Wisconsin location for all hours worked each workweek, including at an overtime rate of pay.

87.     During weeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other Manufacturing employees at Defendant's Wisconsin location to work without being paid appropriate and lawful compensation for all hours worked, including at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

88.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> **FLSA Collective**:  All persons who are or have worked at and/or been employed by Defendant in Wisconsin and/or at Defendant's Wisconsin location as a non-exempt Manufacturing employee within three (3) years prior to this action's filing date and who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of impermissible and unlawful time shaving and rounding by Defendant.

89.     Defendant, as a matter of policy and practice, did not compensate its employees for all hours of compensable work performed by the FLSA Collective during a workweek.

90.     These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

91.     Defendant suffered or permitted Plaintiff and the FLSA Collective to perform work during the workweek without proper compensation for all hours of work. The effect of such a practice was for Defendant to deny the FLSA Collective their agreed upon wages, including overtime compensation at one and one-half times the regular rate, for the hours worked that were not counted as work.

92.     The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

93.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

16

94.     Upon information and belief, Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective.

95.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked, including overtime compensation.

96.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

97.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

98.     Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> **Wisconsin Class**:  All persons who are or have worked at and/or been employed by Defendant in Wisconsin and/or at Defendant's Wisconsin location as a non-exempt Manufacturing employee within two (2) years prior to this action's filing date and who have not been compensated for all hours of work at his or her agreed upon rate of pay, including overtime compensation for hours worked in excess of forty (40) hours in a workweek, as a result of impermissible and unlawful time shaving and rounding by Defendant.

99.     The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each Wisconsin Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

100.    The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over two hundred (200) members of the Wisconsin Class.

101.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practices of Defendant, as alleged herein.

18

Defendant's corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

102.  Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

103.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

104.  Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect

to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

105.    Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

106.    There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following:

a)  Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law;

b)  Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated;

c)  Whether Defendant failed to pay the Wisconsin Class for all work Defendant suffered or permitted them to perform by use of illegal time shaving; and

d)  The nature and extent of class-wide injury and the measure of damages for the injury.

20

107. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938, as Amended
### (Plaintiff on behalf of himself and the FLSA Collective)

108. Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

109. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

110. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

111. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

112. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

113. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

114.     Defendant suffered or permitted Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked. The effect of such a practice was for Defendant to deny Plaintiff and the FLSA Collective their agreed upon wage for the hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) in a workweek.

115.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

116.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

117.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

118.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective Class for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

119.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

120.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### SECOND CLAIM FOR RELIEF
### Violation of WWPCL – Unpaid Overtime
### (Plaintiff, on behalf of himself and the Wisconsin Class)

121.     Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

122.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

123.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

124.     At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

Case 2:18-cv-00462-DEJ   Filed 03/23/18   Page 23 of 27   Document 1

125.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

126.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

127.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

128.    Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

129.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

130.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

## THIRD CLAIM FOR RELIEF
### WWPCL - Failure To Pay Agreed Upon Wage
### <u>(Plaintiff, on behalf of himself and the Wisconsin Class)</u>

131.    Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

132.    Plaintiff and the Wisconsin Class have been entitled payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Plaintiff and the Wisconsin Class pursuant to Wis. Stat. § 109.03.

133.    Defendant violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin Class for each hour worked by Plaintiff and the Wisconsin Class through the impermissible time shaving policies described above.

134.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff, on behalf of himself and the Wisconsin Class, seeks damages in the amount of Plaintiff and the Wisconsin Class members' respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

135.    Plaintiff, on behalf of himself and the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin Wage Payment Laws.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly Manufacturing employees who worked at and/or were employed at Defendant's Wisconsin location informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Manufacturing employees at Defendant's Wisconsin location damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Manufacturing employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Manufacturing employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated Manufacturing employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

26

i) Provide Plaintiff and all other similarly-situated Manufacturing employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 23rd day of March, 2018.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ **Scott S. Luzi** _____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com