UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

NICHOLAS A. JOHNSON
on behalf of himself and all
others similarly situated,

      Plaintiff,

v.

NATIONAL TECHNOLOGIES, INC.

      Defendant

Case No.: 18-cv-462

---

## DECLARATION OF SCOTT S. LUZI

---

I, Scott S. Luzi, certify under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

1. The statements set forth in this declaration are made of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters stated below.

2. I was admitted to the Bar of the State of Wisconsin in 2010. I am also admitted to practice before the United States District Courts for the Eastern and Western Districts of Wisconsin, as well as the United States Court of Appeals for the Seventh Circuit, and in the State of Minnesota. Most of my professional time and efforts have involved representing employees in employment matters, particularly wage and hour matters.

3. I worked as an Associate for the employment law firm of Heins Law Office LLC from approximately June 2010 to March 2012. In March 2012, I started my own law practice with Attorney James A. Walcheske. I am the co-founder and co-Managing Partner of Walcheske & Luzi, LLC.

4. I am a member of the Wisconsin Employment Lawyers Association, the National Employment Lawyers Association, the Wisconsin State Bar, and the Minnesota State Bar, among other legal and professional organizations.

5. Throughout my years of practice, I have represented hundreds individuals and employees in employment law matters, including matters to recover unpaid wages under both state and federal law. My law practice for my entire professional career has been devoted to employment law, including wage and hour litigation in federal court.

6. I have represented Plaintiffs in individual and class/collective action wage and hour matters in the United States District Court for the Eastern and Western Districts of Wisconsin. I believe that I am experienced with complex federal wage and hour litigation because I have successfully represented numerous individuals in single-Plaintiff and multi-Plaintiff wage and hour actions.

7. During this course of this matter and until May 31, 2019, I billed for my services at the rate of $350.00 per hour. This Division has previously approved my hourly rate of $350.00 as reasonable. *See Marybeth Meyer-Van Zeeland v. Advantech Manufacturing, Inc.*, Case No. 2018-cv-490, ECF No. 37 (E.D. Wis. April 18, 2019) (Pepper, J.); *John Weninger v. General Mills Operations, LLC*, Case No. 2018-cv-321, ECF No. 93 (E.D. Wis. April, 2019) (Stadtmueller, J.). Further, other Divisions within this District have previously approved my hourly rate of $350.00 as reasonable. *See Melody Benson v. M2 Property Group LLC, et. al.*, Case No. 2018-cv-860, ECF No. 36 (E.D. Wis. June 4, 2019) (Griesbach, J.); *Nicole Dietzen v. Community Loans of America, Inc.*, Case No. 2018-cv-818, ECF No. 39 (E.D. Wis. May 15, 2019) (Griesbach, J.); *Blemberg v. ARC Fire Protection LLC*, Case No. 18-cv-637 (E.D. Wis. Mar. 27, 2019) (Griesbach, J.); *Emily Kapellusch v. Bold Salons LLC, et. al.*, Case No. 2018-cv-843, ECF No. 24 (E.D. Wis. January 31,

2019) (Griesbach, J.); *Tracy Gerlach v. West Revenue Generation Services, et. al.*, Case No. 2018-cv-170, ECF No. 91 (E.D. Wis. January 3, 2019) (Griesbach, J.); *Tabetha Rabetski v. Century Oaks of Appleton, Inc.*, Case No. 2017-cv-1453, ECF No. 21 (E.D. Wis. June 5, 2018) (Griesbach, J.).

8. As of June 1, 2019, my hourly rate increased to $400.00 per hour for any and all work performed on employment law cases, including but not limited to this matter and all other wage and hour matters litigated under the Fair Labor Standards Act (FLSA) and Wisconsin Wage Payment and Collection Laws (WWPCL).

9. Through my involvement in the Wisconsin legal community, and particularly my interactions with other attorneys who practice in the area of labor and employment, I am familiar with the rates attorneys in Wisconsin charge for their work representing plaintiffs on employment law cases, including wage and hour cases under the Fair Labor Standards Act and Wisconsin state law, as well as a plaintiff's ability to recover reasonable attorneys' fees and costs incurred in such litigation. With respect to individual and class/collective action wage and hour cases, I believe that my previous and current hourly rates are reasonable and representative of the market rate for such services on these cases.

10. To date, I have devoted a total of approximately 66.90 hours to the litigation and resolution of this matter, which is the sum of the hours spent on the following activities: 9.10 hours conducting pre-filing investigation regarding legal causes of action and reviewing Plaintiff's documentation; 0.90 hours conducting pre-filing background research regarding Defendant's corporate structure and employment-related policies; 6.40 hours drafting and filing the Complaint and related initiating and service documentation; 4.70 hours researching relevant legal authority (case law and administrative regulations) related to Plaintiff's FLSA and WWPCL causes of action; 0.50 hours reviewing and investigating Defendant's Answer affirmative defenses; 14.20 hours

reviewing, analyzing, and synthesizing the documentation and information provided by Defendant prior to the in-person Mediation and creating, calculating, and reviewing damages models; 3.80 hours preparing for the in-person Mediation, including drafting, finalizing, reviewing, and exchanging all pre-Mediation written submissions; 10.00 hours attending the in-person Mediation; and 17.30 hours meeting, corresponding, and communicating with Plaintiff.

11. I am aware that the parties have agreed to an incentive award for Plaintiff in the amount of $8,500.00 and that our firm will petition the Court for an award of attorneys' fees and costs in the total amount of $105,662.49. I believe Plaintiff's incentive award and our firm's attorneys' fees and costs are fair and reasonable. In my experience, Plaintiff's incentive award is in line and similar to other lead Plaintiff's settlement awards in multi-Plaintiff cases under the FLSA and WWPCL similar to this matter. I am also aware that the $105,662.49 in requested attorneys' fees and costs is less than the actual amount of time and costs that our firm has spent litigating and resolving this matter, which totals approximately $120,123.55 to date.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of June, 2019.

<u>s/ *Scott S. Luzi* \_\_\_\_</u>
Scott S. Luzi