UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

NICHOLAS A. JOHNSON
on behalf of himself and all
others similarly situated,

      Plaintiff,

Case No. 18-cv-462

v.

NATIONAL TECHNOLOGIES, INC.

      Defendant.

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

Plaintiff, Nicholas A. Johnson ("Johnson"), on behalf of himself and all others similarly-situated, and Defendant, National Technologies, Inc. ("NTI"), jointly move this Court for final approval of the parties' settlement of this lawsuit in accordance with the Settlement Agreement, which was preliminarily approved by this Court on April 11, 2019.[1] The parties have provided the best notice practicable to the Class Members, and the terms of the settlement are fair, reasonable, and adequate. Accordingly, the parties now move the Court for a Final Order Approving Settlement and Judgement of Dismissal with Prejudice to include the following:

(1)     Finally approving the Settlement Agreement as fair, reasonable, and adequate as it applies to Johnson the Plaintiffs who did not Opt-Out of the Wisconsin Class or will Opt-In to the FLSA Collective;

---

[1] The Settlement Agreement was attached as Exhibit 1 to the parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement and for Class Certification for the Purposes of Settlement. (ECF No. 31-1.)

(2) Declaring the Settlement Agreement to be binding on Defendant, Johnson, and the Plaintiffs who did not Opt-Out of the Wisconsin Class or Opt-In to the FLSA Collective;

(3) Dismissing with prejudice the released claims and permanently barring and enjoining Johnson and all Plaintiffs who did not Opt-Out of the Wisconsin Class or Opt-In to the FLSA Collective from filing or prosecuting against Defendant any claims according to the applicable releases described in the Settlement Agreement;

(4) Dismissing without prejudice the claims of Class and Collective Members who did Opt-Out of the Wisconsin Class or do not Opt-In to the FLSA Collective;

(5) Forever releasing and discharging Defendant and any of its affiliates, predecessors, successors, past, present and future officers, directors, agents, members, managers, partners, attorneys, executors, employee benefit plans, insurers, assigns, and other representatives of and from any and all federal and state wage and hour claims that were asserted or reasonably could have been asserted by Johnson and all members of the Wisconsin Class and FLSA Collective who participate in either the Class or Collective, as of the date of the Final Order Approving Settlement;

(6) Determining the amount of attorneys' fees and expenses to be awarded to Class Counsel and the amount of Johnson's service payment; and

(7) Forever releasing and discharging Defendant and any of its affiliates, predecessors, successors, past, present, and future officers, directors, agents, members, managers, partners, attorneys, executors, employee benefit plans, insurers, assigns and other representatives of and from any and all claims by Johnson, known or which reasonably should have been known by Johnson, based on any fact or occurrence on or before the date of the Final Order Approving Settlement.

## PROCEDURAL HISTORY AND HISTORY OF SETTLEMENT

On March 23, 2018, Plaintiff, Nicholas A. Johnson ("Johnson"), filed his Class and Collective Action Complaint against Defendant, National Technologies, Inc. ("NTI"), on behalf of himself and all non-exempt Manufacturing employees. Plaintiff, himself, was a non-exempt Manufacturing employee of NTI. On May 23, 2018 Defendant filed its Answer (ECF No. 11) denying the majority of Plaintiff's allegations in the Complaint and asserting, among other things, fifteen (15) affirmative defenses.

On July 9, 2018, the Court held a Rule 16(b) Scheduling Conference.

Around this same time, Plaintiff issued written discovery and a Fed. R. Civ. P. 30(b)(6) Deposition Notice to Defendant. Shortly thereafter, Plaintiff took the depositions of Defendant's 30(b)(6) witnesses. Defendant then took the deposition of Nicholas A. Johnson on October 26, 2018. Defendant responded to Plaintiff's written discovery requests and provided time and payroll records for its Manufacturing employees, as well as other responsive information.

On November 1, 2018 the Parties agreed to Stay all deadlines, including the deadline for Plaintiffs to motion for Conditional Certification, to allow the parties to resolve this matter with a private mediator.

On January 16, 2019 the parties took part in a full day in person mediation with Mediator Jill Sopha and the parties reached a preliminary settlement, subject to the Court's approval.

On March 19, 2019, the parties filed their Joint Motion for Preliminary Approval of Class and Collective Action Settlement and for Class Certification for Purposes of Settlement. (ECF No. 31). On April 11, 2019, this Court granted the parties' Joint Motion, (ECF No. 37), granting preliminary approval of the parties' Settlement Agreement. This Court also scheduled a hearing on this Motion for Final Approval of Settlement for July 11, 2019. (ECF No. 37.)

# CALCULATION OF DAMAGES

The proposed settlement allocation, attached as Exhibit A to the Settlement Agreement, lists the amount of the Settlement Fund that each participating member of the Settlement Classes shall receive. (ECF No. 31-1, at Exhibit A.)

Ron Bero, Jr., CPA/ABV, CFF carefully calculated the settlement allocation using uniform and consistent methods, and Class Counsel independently reviewed and verified Bero's calculations and allocations to ensure they were accurate and reliable. Bero's own written explanation detailing his calculation of the settlement allocations was and will be included with both notices being sent to Class Members. (ECF No. 31-1, at Exhibits A, B, and C.) Bero and Class Counsel both used substantially the same method to calculate damages and determine the settlement allocations. (ECF No. 32, ¶ 23.) Liquidated damages and civil penalties were also factored into the calculations of Bero and Class Counsel. (ECF No. 31-1, at Exhibits A, B, and C.) Each Class Member's *pro rata* allocation was split between W2 wage and 1099 income in accordance with the FLSA and Wisconsin state and/or local law. (ECF No. 31-1, at § III(B)(3).)

The parties also agreed that, subject to Court approval, Johnson will receive a Service Award in the an amount not to exceed Eight Thousand Five Hundred Dollars ($8,500), and that Johnson's counsel, Walcheske & Luzi, LLC, will apply to this Court for an award of attorneys' fees and costs not to exceed a total amount of One Hundred Five Thousand Six Hundred and Sixty-Two Dollars and Forty-Nine Cents ($105,662.49) as representative of counsel's actual and reasonable time spent litigating and resolving this matter. (EFC No. 31-1, at §§ III(B)(1)-(2).)

# SETTLEMENT NOTICE AND PARTICIPANTS

On April 18, 2019 Class Counsel distributed the Notice and Opt-Out Form to members of the Wisconsin Class via first class U.S. Mail, which informed the Class Members of, among other

things, their right to opt out of the Wisconsin Class and settlement and the method for calculating the Settlement Award he/she may be entitled to receive if he/she chooses to participate in the Settlement. (Declaration of Matthew J. Tobin, July 3, 2019 ("Tobin Decl.") ¶ 4.) The deadline for Opt-Out Forms to be returned was May 18, 2019. (Tobin Decl. ¶ 5.)

Of the notices that were mailed on April 18, 2019, twenty-two (22) were returned as undeliverable. (Tobin Decl. ¶ 8.) Of the twenty-two mailings returned as undeliverable, Class Counsel was able to ascertain current addresses for twelve (12) individuals. (Tobin Decl. ¶ 9.) Defense counsel has been notified of the address changes for the twelve (12) individuals identified in paragraph 12. (Tobin Decl. ¶ 10.) Defense counsel has been notified of the names of the remaining ten (10) individuals whose current addresses Class Counsel was unable to ascertain. (Tobin Decl. ¶ 11.)

As of July 1, 2019, Class Counsel has received Opt-Out Forms from twenty-one (21) members of the Wisconsin Class. (Tobin Decl. ¶ 6.) Accordingly, the amount of the settlement fund available to the members of the Wisconsin Class and FLSA Collective has been lowered by Nineteen Thousand Seven Hundred and Eighteen Dollars and Thirty-Six Cents ($19,718.36) to a total of Seventy-Two Thousand Eight Hundred and Forty Dollars and Ninety-Two Cents ($72,840.92), not including the Service Award for Johnson. (Tobin Decl. ¶ 7.) Per the terms of the Settlement Agreement, the $19,718.36 attributed to the Opt-Out Plaintiffs will revert back to the Defendant. (ECF No. 31-1 § IV(H)(7).)

In accordance with the terms of the Settlement Agreement, within twenty-one (21) calendar days of the Court's Order Finally Approving the Class Action Settlement, Defendant shall mail settlement checks to the remaining individual Class/Collective Members entitled to receive payment under the Settlement Agreement along with a document substantially similar to Exhibit

C attached to the Settlement Agreement. If a member of the FLSA Collective cashes the check, they will have Opted-In to the FLSA Collective. Defendant shall also deliver Plaintiff's Counsel a check for Attorneys' Fees and costs totaling $105,662.49 and a check for the Service Award of $8,500 within twenty-one (21) calendar days of the Court's Order Finally Approving the Class Action Settlement.

## ARGUMENT

### 1. Standard For Final Settlement Approval

Settlements in FLSA collective cases are subject to court approval. *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir. 1986) (stating that settlement of FLSA cases require court approval to be valid and enforceable). An FLSA collective action settlement may only be approved if a hearing has been conducted and the Court finds that the settlement is a fair, reasonable, and adequate resolution of a bona fide dispute over FLSA provisions. Fed. R. Civ. P. 23(e); *see also Smoot v. Wieser Bros. Gen. Contractors, Inc.*, No. 15-cv-424, p. 12 (W.D. Wis. Apr. 28, 2016) (stating that the standards for settlement approval of FLSA collective actions "track the considerations that the court must weigh for reviewing proposed class action settlements under Rule 23") In making this determination, the Court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971)(internal quotations omitted). Other factors considered are the whether the settlement is rationally related to the strength of plaintiffs' claims given the risk, expense, complexity, and duration of further litigation, whether the settlement is the result of arms-length negotiations between experienced counsel, and whether the method used to calculate each plaintiff's share of the settlement reflects a fair and

reasonable approximation of the relative value of his or her claim. *Brabazon v. Aurora Health Care, Inc.*, 10-CV-714-JPS, 2011 WL 13160388, at *2 (E.D. Wis. Nov. 10, 2011); *Freeman v. Total Sec. Mgt.-Wisconsin, LLC*, 12-CV-461-WMC, 2014 WL 4829480, at *1 (W.D. Wis. Sept. 29, 2014). Courts generally favor resolution of class action litigation by settlement. *See Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

### 2. The Proposed Settlement Is A Fair, Reasonable, And Adequate Resolution To A Bona Fide Dispute

The proposed settlement for this case represents a fair resolution of a bona fide dispute over FLSA provisions. The parties continue to maintain a strong belief in their respective positions: Johnson firmly believes in the viability of his class and collective causes of action against NTI under the FLSA; and NTI denies Johnson's allegations and any and all liability and damages of any kind to anyone with respect to these alleged facts or the cause of action asserted in Johnson's Complaint. However, to avoid the burden, expense, and uncertainty of continued litigation, the parties concluded that it was in their best interests to resolve the litigation by entering into the Settlement Agreement which they now request that this Court finally approve.

Simply put, all of the reasons for preliminarily approving the settlement, which were addressed in the parties' Joint Motion for Preliminary Approval of Settlement, similarly support the Court's grant of final approval of the class settlement. The parties' settlement, which was reached after extensive and arms-length negotiations between experienced counsel, provides substantial relief to class and collective members, including liquidated damages, during the statutory time period.

### 3. Class Members Were Provided With The Best Notice Practicable Through The Claims Process

Furthermore, the claims process agreed to by the parties was more than sufficient to inform Class and Collective Members of their rights under the Settlement Agreement. Per the terms of the Settlement Agreement, each Class Member was afforded 30 days from mailing of the initial Notice to return a timely Opt-Out Form. During the pendency of the Notice Period, Class Counsel corrected the addresses of any notices returned undeliverable where new addresses were available and provided another opportunity for any such Class Members to be informed of their rights. (Tobin Decl. ¶ 8-11.) Furthermore, members of the FLSA Collective will be mailed a notice along with their settlement checks that explains their rights. Should a member of the FLSA Collective choose not to participate in the settlement, that individual need only not cash the settlement check. All Class Members were and will be provided with the best notice practicable of the settlement. *See e.g., Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974).

### 4. Service Award to Class Representative, Costs, and Attorneys' Fees

In addition to damages for alleged violations of the FLSA, this Joint Motion seeks approval of payment not to exceed $8,500 as a service award to Johnson and Class Counsel's reasonable attorneys' fees and costs not to exceed $105,662.49. Given the results achieved by Johnson and the services he performed on behalf of the Class and Collective Members, the parties believe that this service payment is a fair and reasonable request. Furthermore, on June 19, 2019 Class Counsel filed Plaintiff's Petition for Approval of Attorneys' Fees and Costs as directed by this Court. For the reasons set forth in said Petition, Class Counsel requests that its petition for attorneys' fees be approved along with this Motion.

## **CONCLUSION**

For the reasons set forth above, the parties respectfully request that the Court enter the proposed Final Order Approving Settlement filed simultaneously herewith, which grants final approval of the settlement of this dispute on the terms set forth in the Settlement Agreement.

Dated this 3rd day of July, 2019.

*s/ Matthew J. Tobin*                                              *s/ Ted A. Wisnefski*
James A. Walcheske, SBN 1065635          Ted A. Wisnefski, SBN 1038316
Scott S. Luzi, SBN 1067405                          Mitchell W. Quick, SBN 1001493
David M. Potteiger, SBN 1067009
Matthew J. Tobin, SBN 1097545

WALCHESKE & LUZI, LLC                         MICHAEL BEST & FRIEDRICH LLP
15850 West Bluemound Road, Suite 304    100 East Wisconsin Avenue, Suite 3300
Brookfield, Wisconsin 53005                       Milwaukee, Wisconsin 53202

Telephone: (262) 780-1953                          Telephone: (414) 271-6560

Email: sluzi@walcheskeluzi.com                Email: tawisnefski@michaelbest.com
Email: jwalcheske@walcheskeluzi.com      Email: mwquick@michaelbest.com
Email: dpotteiger@walcheskeluzi.com
Email: mtobin@walcheskeluzi.com

*Attorneys for Plaintiff*                                 *Attorneys for Defendant*